**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **BENJAMIN QUINONEZ** <br> **REG. #** | **DOCKET NO. 2:23-CV-00709** <br> **SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Benjamin Quinonez ("Quinonez") on May 26, 2023. Doc. 1. The Government filed a response to the petition (doc. 9), which is now ripe for review. Quinonez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED**.

### I.
### BACKGROUND

Quinonez has filed the instant Petition for Writ of Habeas Corpus alleging that BOP failed to award him credits to which he is entitled under the First Step Act ("FSA"). Specifically, Quinonez argues that his immigration detainer should not bar him from receiving FSA good time credits, as it is not a final order of deportation, and thereby requests the application of time credits to result in early release from custody.

Quinonez is currently serving a 480-month federal sentence for Importation of a Controlled Substance and Aiding and Abetting in violation of 21 U.S.C. §§ 952(A), 960(A)(1) & (B)(1), and 18 U.S.C. § 2. *See* doc. 9, att. 1, Ashley White Declaration and attachment 1 thereto. Quinonez has been incarcerated at FCIO since February 14, 2020. *Id*.

## II.
## LAW & ANALYSIS

### *A. Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### *B. Law and Application*

Without the allocation of FSA Time Credits, Quinonez's projected release date, via Good Conduct Time Release, is April 17, 2036. Doc. 9, att. 1, p. 8. However, while in BOP custody, Quinonez has earned a total of 492 FSA Time Credits (one credit equals one day). *Id*. at p. 9.

The government's response to the petition reflects that since the filing of the instant petition on May 26, 2023, the BOP has conducted an evaluation of Quinonez's detainer status and a FSA Time Credit Assessment, most recently on October 29, 2023. Doc. 9, p. 7. Records from that

evaluation and assessment indicate that Quinonez is currently eligible to earn and apply FSA Time Credits and is projected to have 365 FSA Time Credits applied to his sentence. Quinonez is not entitled to apply any more than 365 credits to reduce his projected release date and effectively receive an early release. Congress explicitly limited the number of credits which may be applied for this purpose:

> If the sentencing court included as a part of the sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under 3632.

18 U.S.C. § 3624(g)(3).

In other words, BOP may not reduce an inmate's term of incarceration by applying FSA Time Credits in excess of 12 months, or 365 days. BOP records confirm that BOP has already calculated Quinonez's projected release date based on the assumption that he will be eligible to apply these credits, advancing his projected release date by a full year. *See* doc. 9, att. 1, p. 9. This has advanced his projected release date from April 17, 2036, to April 18, 2035.

Because there is no longer a live case or controversy due to the BOP affording Quinonez FSA Time Credits, which advances his projected release date by one year, making it April 18, 2035, this petition is moot and the Court should dismiss the case, as Quinonez has already received his requested relief.

## III.
## CONCLUSION

For the reasons stated above, Quinonez's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DISMISSED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 8th day of September, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE